ACCEPTED
03-14-00578-CR
5127419
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/1/2015 5:22:47 PM
JEFFREY D. KYLE
CLERK

## NO.  03-14-00578-CR

## IN THE COURT OF APPEALS
## FOR THE
## THIRD SUPREME JUDICIAL DISTRICT OF TEXAS
## AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/1/2015 5:22:47 PM
JEFFREY D. KYLE
Clerk

## NO. CR-13-0651

## IN THE 22nd DISTRICT COURT
## OF HAYS COUNTY, TEXAS

### DANIEL RAYMOND VADNAIS,
### APPELLANT

### V.

### STATE OF TEXAS,
### APPELLEE

### APPELLANT'S BRIEF

**ORAL ARGUMENT REQUESTED**

DAL RUGGLES
SBN: 24041834
LAW OFFICE OF DAL R RUGGLES
1103 NUECES ST.
AUSTIN, TEXAS 78701
PH: (512) 477-7991 FAX:(512) 477-3580
DAL@RUGGLESLAW.COM


ATTORNEY FOR APPELLANT
ON APPEAL ONLY

# TABLE OF CONTENTS

**PAGE**

Parties to Trial Court's Final Judgment…………………………………………. 3

Index of Authorities…………………………………………………………. 4

Statement of the Nature of the Case……………………………..…….......... 7

Statement of the Points of Error………………………………….…..... 9

Statement of Facts………...………………………………………………..... 10

Summary of the Argument ……………………………………………...... 20

Point of Error Number One……………………………………….................. 21

Point of Error Number Two …………………………………………….. 29

Point of Error Number Three …………………………………………..…..33

Point of Error Number Four …………………………………………….. 37

Prayer……………………………………………………………...………… 42

Certificate of Service…………………………………………………. 43

**APPELLANT'S BRIEF – Page 2**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

## PARTIES TO TRIAL COURT'S FINAL JUDGMENT

In accordance with Tex.R.App.Proc. 38.1(a), Appellant certifies that the following is a complete list of the parties and their counsel:

(a) the State of Texas represented by:

Ms. Kathleen Magee (Ms. Arnold)
State Bar No. 24070201
Mr. John Couch
State Bar No. 24048407
Hays County Criminal District Attorney's Office
Hays County Government Center
712 South Stagecoach Trail, Suite 2057
San Marcos, Texas 78666

(b) Mr. Daniel Raymond Vadnais, represented by:

Mr. James Gerard McDermott, II – trial attorney
State Bar No. 24041438
Thompson, Salinas, Rickers & McDermott, LLP
8140 North Mopac, Westpark 4, Suite 250
Austin, Texas 78759

Mr. Dal Ruggles – appellate attorney
State Bar No. 24041834
Law Office of Dal R Ruggles
1103 Nueces St.
Austin, Texas 78701

**APPELLANT'S BRIEF – Page 3**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

# INDEX OF AUTHORITIES

**CASES**                                                                                              **PAGE**

Albrecht v. State, 486 S.W.2d 97 (Tex.Crim.App. 1972)…..…............................ 30

Barker v. Wingo, 407 U.S. 514, 530 92 S. Ct. 2182, 33 L. Ed. 2d 101

    (1972)…………………………………………………………………….. 20, 23

Cantu v. State, 253 S.W.3d 273, 280 (Tex.Crim.App. 2008). …………..........22, 23

Caro v. State, 771 S.W.2d 610, 671 (Tex.App. – Dallas 1989, no pet.)………..... 32

Cortez v. State, 428 S.W.3d 338, 342 (Tex.App. – Amarillo 2014)...................... 38

Crank v. State, 761 S.W.2d 328, 341 (Tex.Crim.App. 1988). ……..................... 30

Doggett v. United States, 505 U.S. 647, 658 112 S. Ct. 2686, 120 L. Ed. 2d 520

    (1992)................................................................................................. 27

Dragoo v. State, 96 S.W.3d 308, 314 (Tex.Crim.App. 2003). ……................... 24

Dunklin v. State, 194 S.W.3d 14, 26 (Tex.App.-Tyler 2006, no pet.)…............. 31

Erazo v. State, 144 S.W.3d 487, 489 (Tex.Crim.App. 2004)…........................34, 35

Gigliobianco v. State, 210 S.W.3d 637, 641-42 (Tex.Crim.App. 2006)…............34

Gonzales v. State, 2013 Tex.App. LEXIS 10462, 16 (Tex.-App.—San Antonio

2013 aff'd 435 S.W.3d Tex.Crim.App. 2014)……………………............... 27, 28

Harris v. State, 827 S.W.2d 949, 956 (Tex.Crim.App. 1992) ............................... 23

Hernandez v. State, 2010 Tex.App.LEXIS 851 (Tex.App.-Austin 2010,

**APPELLANT'S BRIEF – Page 4**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

no pet.)…………………………………………………………………..32, 34

Johnson v. State, 932 S.W.2d 296, 302 (Tex.App.-Austin 1996, pet. ref'd.) ...31, 32

Keller v. State, 818 S.W.2d 425, 428-29 (Tex.App. – Houston [1st Dist] 1991,

pet. ref'd) ...............................................................................................32

Kiser v. State, 893 S.W.2d 277, 281 (Tex.App.-Houston [1st Dist] 1995,

pet. ref'd)…………………………………………………………….... .34

Maynard v. State, 685 S.W.2d 60, 67 (Tex.Crim.App. 1985).  .............................36

Montgomery v. State, 810 S.W.2d 372, 389-93 (Tex.Crim.App. 1991)

(op. on reh'g)  ....................................................................32, 33, 34

Morrow v. State, 735 S.W.2d 907, 909-12 (Tex.App.-Houston [14th Dist.] 1987,

pet. ref'd) ...................................................................... 34, 35

Phillips v. State, 650 S.W.2d 396, 401 (Tex.Crim.App. 1983)  ............................26

Robinson v. State, 701 S.W.2d 895, 898 (Tex.Crim.App. 1985)  ........................ 35

Shaw v. State, 117 S.W.3d 883, 890 (Tex.Crim.App. 2003)……………….............27

State v. Munoz, 991 S.W.2d 818, 825 (Tex.Crim.App. 1999)………………….....25

State v. Wei, 447 S.W.3d 549 (Tex.App. – Houston [14th Dist.] 2014 pet.

ref'd)…………………………………………………………………… 28

Tempin v. State, 711 S.W.2d 30 (Tex.Crim.App. 1986)..……...............................30

Zamorano v. State, 84 S.W.3d 643, 647 (Tex.Crim.App. 2002)………… 22, 23, 26

**APPELLANT'S BRIEF – Page 5**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

## CONSTITUTIONAL PROVISIONS, STATUTES AND RULES PAGE

Sixth Amendment, United States Constitution………………………….................. 21

Tex. Penal Code Ann. § 32.51(a)..………………………………….................... 37

Tex. Penal Code Ann. § 32.51(b)(1)..…………………………………...............36

Tex. Penal Code Ann. § 32.51(c)..…………………………………….................. 41

Tex.R.App.Proc. 38.1(a) ………………………………………………….. 3

Tex.R.Ev. 403 ………………………………………………………………..20

Tex.R.Ev. 404(b) …………………………………………………………… 20

**APPELLANT'S BRIEF – Page 6**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

**TO THE HONORABLE JUDGES OF SAID COURT:**

COMES NOW, Daniel Raymond Vadnais, Appellant in this cause, by and through his Attorney, and files this, his brief on original appeal.

## STATEMENT OF THE NATURE OF THE CASE

Appellant was charged by indictment on August 7, 2013 in Cause No. CR-13-0651 with fraudulent use or possession of identifying information 10 or more items but less than 50 items. (C.R. 6) State's Notice of Prior Felony Convictions for Enhancement of Punishment was filed on April 2, 2014. (C.R. 8)

Jury selection occurred in this case on August 11, 2014. (R.R. III, pp. 5-129) On August 12, 2014, Appellant entered a plea of not guilty to the charges in the indictment. (R.R. IV, p. 13). The parties announced ready and proceeded to a jury trial beginning on August 12, 2014. (R.R. IV, p. 12). On August 13, 2014, after hearing the evidence and argument of both the State and the defense, the jury found Appellant guilty of fraudulent possession of identifying information, more than ten but less than fifty items, as alleged in the indictment. (R.R. V, p. 116; C.R. 84).

Following the guilt-innocence phase of the trial, the trial court assessed punishment on August 13, 2014. Appellant was sentenced to the Institutional

**APPELLANT'S BRIEF – Page 7**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

Division of the Texas Department of Corrections for a period of ten (10) years confinement. (R.R. V, p. 129; C.R. 85). The Order appointing Dal Ruggles as Appellant's counsel was filed on July 10, 2010. (C.R. 90) Notice of Appeal was filed by Appellant's trial attorney, James Gerard McDermott, II, on August 28, 2014. (C.R. 88). The trial court signed a Certification of Defendant's Right to Appeal on August 13, 2014. (C.R. 87)

**APPELLANT'S BRIEF – Page 8**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

# STATEMENT OF THE POINTS OF ERROR

## POINT OF ERROR NUMBER ONE

THE TRIAL COURT ERRED IN ITS DECISION TO DENY APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL.

## POINT OF ERROR NUMBER TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING INTO EVIDENCE AN EXTRANEOUS OFFENSE OF FORGERY.

## POINT OF ERROR NUMBER THREE

THE TRIAL COURT ERRED BY FAILING TO CONDUCT A RULE 403 BALANCING TEST WHEN CONSIDERING THE ADMISSIBILITY OF AN EXTRANEOUS OFFENSE OF FORGERY.

## POINT OF ERROR NUMBER FOUR

THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR FRAUDULENT USE OR POSSESSION OF IDENTIFYING INFORMATION 10 OR MORE ITEMS BUT LESS THAN 50 ITEMS.

**APPELLANT'S BRIEF – Page 9**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

## STATEMENT OF FACTS

First to testify in Appellant's case was Deputy Shaun Booth. Deputy Booth was dispatched to an area in response to a call regarding a verbal disturbance. When he arrived at the scene he saw two males who were later identified as Mr. Griffin and the Appellant, Mr. Vadnais. It was early in the morning and Deputy Booth saw Appellant standing in front of Mr. Griffin's house in the driveway. They both appeared fairly calm and when questioned, Appellant said that nothing had happened. (R.R. IV, pp. 22-26) After backup arrived Deputy Booth was able to speak with Mr. Griffin. Deputy Booth testified he believed Mr. Griffin and Appellant had just met. He also said that Appellant had driven there and that he had a vehicle parked around the corner and a couple of houses down. While looking around the area Deputy Booth noticed a black bag in a corner of the garage. He asked Mr. Griffin if the bag was his and he said no. Deputy Booth then asked Appellant if it was his bag and he said no as well. Eventually however, Appellant admitted ownership of the bag but only after several attempts by the Deputy to get him to admit it. It was after Deputy Booth told Appellant the bag would be taken into inventory as found property that he admitted the bag was his. Deputy Booth described Appellant's demeanor as physically nervous, saying he

**APPELLANT'S BRIEF – Page 10**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

shuffled, hemmed and hawed about what he'd say, looked at the ground and wouldn't look the officer in the eye. He also said that Appellant would not really give an answer to yes or no questions. He would hem and haw and make a grunting noise. According to Deputy Booth however, Appellant did eventually give a definite yes answer regarding consent to search the bag. The bag was admitted as State's Exhibit No. 1. (R.R. IV, pp. 26-33, 35)

A separate package containing the contents that were found in State's Exhibit No. 1 was also admitted as State's Exhibit No. 2. Deputy Booth described the contents of State's Exhibit No. 1 as being driver's licenses, copies of various driver's licenses, social security cards, copies of social security cards, wallets, several pieces of identification, legal pads with identifying information, garage door openers, pen, pencils and "stuff like that." He also testified as to the names on the documents in the bag. He read the names seen on several items including driver's licenses, social security cards, passports, business cards, checks and stationary. (R.R. IV, pp. 36-46)

There was also a notebook and notepad found in State's Exhibit No. 1 that had names on it along with identifying information such as social security numbers and addresses. The notebook and notepad were admitted into evidence as State's Exhibit No. 3. Deputy Booth read the names in State's Exhibit No. 3 during his

**APPELLANT'S BRIEF – Page 11**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

testimony. Among them were the names of witnesses Clay Snodgrass and Janet Brown. There was testimony referring to several pieces of paper and receipts found in State's Exhibit No. 1 that had Christopher White's name on them. Another package containing an additional notebook was admitted into evidence as State's Exhibit No. 4. A wallet containing a driver's license, employee ID, library card and checks with Christopher White's name on them was admitted as State's Exhibit No. 5. The wallet was found in State's Exhibit No. 1. There was no testimony given that associated any of the items in evidence to any of the witnesses called by the State other than Mr. Snodgrass, Ms. Brown and Mr. White. (R.R. IV, pp. 50-64)

Upon cross-examination by the defense, Deputy Booth said that when he arrived on the scene a neighbor told him there was a verbal disturbance and pointed to Appellant as someone who had been standing in the street yelling, "You can't take my car." Deputy Booth could not recall who Appellant was yelling at and did not determine who he may have been claiming had taken his car. Mr. Griffin indicated the argument was between Appellant and Mr. Griffin's son. Deputy Booth could not recall getting any information about Mr. Griffin's son although upon cross-examination Deputy Booth testified that he learned Appellant was a friend of Mr. Griffin's son and that Mr. Griffin had gotten between the two

**APPELLANT'S BRIEF – Page 12**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

of them when they had an argument. (R.R.IV, pp. 76-86)

Defense Counsel also questioned Deputy Booth about the bag (State's Exhibit No. 1) that was found at the scene. The bag was leaning up against the garage door track. It was not hidden. Deputy Booth did not see Appellant walk up to the garage and put something down. He did not see Appellant holding the bag and Mr. Griffin could not say he saw Appellant hold the bag. When asked if there was any indication of a fight or evidence that someone had been hit or threatened, Deputy Booth could not recall. (R.R. IV, pp. 89-90)

Defense counsel questioned Deputy Booth about all the items in State's Exhibit No. 3 and he agreed that that there was nothing in it that identified Appellant. Defense counsel also questioned Deputy Booth about the items contained in State's Exhibit No. 4 and States Exhibit No. 5. Again, Deputy Booth testified that there were no items identifying Appellant. (R.R. IV, pp. 90-105)

Mr. Christopher White took the stand following Deputy Booth. Mr. White testified that he lived in Schertz, Texas and had lived there for eleven years. He stated he worked for Walmart as a district manager over loss prevention and went on to say he lost his wallet at the Walmart on Slaughter Lane in Austin, Texas. He was doing a review of the store at the time and dropped it in the men's restroom. When he realized it was gone he had someone check the restroom but it was not

**APPELLANT'S BRIEF – Page 13**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

found so Mr. White called his bank and cancelled the credit card and debit card in his wallet. (R.R. IV, pp. 114-116)

Mr. White was shown the wallet previously marked as State's Exhibit No. 5 and asked to identify it. He said it did not look familiar to him however he did identify a driver's license that was inside as being the one that he lost and replaced. He also identified a library card and a Walmart employee card produced by the State as being his. Checks that were located in the wallet were also not recognized by Mr. White even though they did have his name on them. Mr. White did not recognize the bank and account information on the checks either. It was not a bank he had an account with. Finally, Mr. White was shown some hotel receipts and asked if he had stayed at those hotels on the dates indicated on the receipts. He testified he had not. He also testified he did not know Appellant and had not given him permission to possess his identifying information. (R.R. IV, pp. 118-125)

Mr. Clay Snodgrass also testified he did not know Appellant. He confirmed his address, date of birth and driver's license number when asked by the State. He also confirmed that a number on a document described as part of the package marked as State's Exhibit No. 3 was his social security number. He said he did not give anyone permission or consent to use or possess his personal identifying information. (R.R. IV, pp. 125-127)

**APPELLANT'S BRIEF – Page 14**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

Ms. Janet Brown took the stand and testified to her address, date of birth, phone number and social security number. She also did not give anyone permission or consent to have this information. She was followed by Mr. Sonny Rathmore who provided virtually the identical testimony. (R.R. IV, p. 129-132)

Detective Ronnie Torres was the back-up officer for Deputy Booth and he testified next. He explained that he responded as a secondary officer in order to provide assistance for officer safety reasons. When he arrived Deputy Booth was speaking with Appellant, and according to Detective Torres, not having much success with him. Deputy Booth was an inexperienced officer at the time so Detective Torres stepped in to assist. Detective Torres felt Appellant was being evasive so he decided to be more assertive in order to get his questions answered. Detective Torres learned that Appellant had driven to the scene and wanted to continue a conversation with Mr. Griffin. (R.R. IV, pp. 133-145)

Detective Torres remembered seeing Deputy Booth with the black bag in his hands and that Appellant eventually claimed ownership of the bag. He went on to say that because he and Deputy Booth did not know what was in the bag and because there had been a verbal disturbance reported, they would not leave the scene. At some point Appellant gave the officers consent to search the bag. (R.R. IV, pp. 146-149)

**APPELLANT'S BRIEF – Page 15**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

A redacted version of the officer's car video was offered into evidence as State's Exhibit No. 6 without objection from the defense. The video showed Detective Torres speaking to Appellant in a very aggressive and rough manner. Detective Torres explained he took such a tone in order to try and get information from Appellant. He felt it was necessary because Appellant was being vague in his responses. He also explained that police officers sometimes lie to suspects in order to get them to talk. (R.R. IV, pp. 152-155)

On cross-examination Detective Torres answered questions about the call and described how the investigation was conducted. He confirmed that having an argument is not a crime but that police officers respond to disturbances to make sure an argument doesn't escalate to that point. Because the incident occurred quite a while back Detective Torres was unable to remember many details. He could not recall how close Appellant and Mr. Griffin were to each other. He did not remember details such as the length of the driveway, whether the garage door was open or closed and if there was a vehicle in the garage. He also could not recall if Mr. Griffin said that his son had the keys to Appellant's car or if there was a dispute about whether or not somebody had taken Appellant's car. (R.R. IV, pp. 161-163, 175)

**APPELLANT'S BRIEF – Page 16**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

Detective Torres said that Appellant was not very cooperative and that he didn't believe Appellant was being truthful when giving his name. Appellant could not produce a driver's license either. Ultimately, Appellant's identity was confirmed and he was free to go, although he was not allowed to drive away since he did not have a driver's license. (R.R. IV, pp. 166-170, 181)

Detective Angelo Florian testified that he is a Detective with the Hays County Sheriff's Office who is assigned to the Criminal Investigations Division. Detective Florian provided information regarding his experience in financial crimes and explained how to determine whether a check or financial instrument is real or counterfeit. He also discussed the ways to tell if a driver's license, credit card or some other sort of identity is real or counterfeit. According to Detective Florian, social security numbers are probably the easiest things to counterfeit though they can also be easy to investigate given the fact that until recently, they were issued regionally throughout the United States. (R.R. V, pp. 12-15)

Detective Florian described Appellant's case as being very straightforward and very apparent for identity theft. He had the opportunity to go through the contents of State's Exhibit No. 2 and said it contained a lot of documents. Inside were social security numbers, names, dates of birth, addresses, blank checks with nothing on them, social security cards, hotel receipts and different tools consistent

**APPELLANT'S BRIEF – Page 17**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

with committing fraud and being able to commit fraud. He went on to explain how counterfeit checks are prepared and how a fraud suspect might try to access a person's credit report in order to steal their identity. He also read some of the notes found in State's Exhibit 3 and gave his opinion as to what they might mean. He said that words on the notes like "public data" stood out when investigating fraud cases because it referred to a website that gave easy access to a person's driver license number. (R.R. V, pp. 19-25)

Regarding the hotel receipts found in the bag, Detective Florian testified that hotels are a great place to be active in fraud. He said they help a person be anonymous while using the hotel's Wi-Fi to get on websites like Public Data. Some of the receipts and email confirmations had Appellant's name on them that Detective Florian suggested connected Appellant to the bag and to fraud activities. Detective Florian felt that other notes found in the bag as well as checks that appeared to be counterfeit indicated Appellant was engaged in fraud-related activities. Also, a scanner found in the bag could have been used in making driver's licenses or social security cards. (R.R. V, pp. 27-32)

After Detective Florian's testimony the parties requested a ruling related to the State's application for admissibility of other convictions, pursuant to Rule 404(b) of the Texas Rules of Evidence. A hearing was held in the presence of

**APPELLANT'S BRIEF – Page 18**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

Appellant and outside the presence of the jury. A total of four convictions were discussed and defense counsel's objections to two burglary convictions and one unauthorized use of a motor vehicle were sustained. Defense counsel's objection to a Forgery conviction was sustained in part and overrruled in part. The court allowed the conviction to come in but only the fact of the conviction and the date. The court ruled that a limiting instruction would be given to the jury that they could consider some, part or all of this evidence but that it could not be considered as character evidence but could only be considered on the issue of intent. In order to prove the extraneous offense of forgery the State advised they would offer into evidence the judgment associated with that prior offense. Defense counsel did not object and in fact, stipulated to the veracity of the judgment. (R.R. V, pp. 51-65) The State and the defense then rested. (R.R. V, pp. 68-72)

After hearing the argument of counsel from both sides, the jury deliberated and found the charge as alleged in the indictment to be true. Appellant went to the court for punishment and after closing statements from both sides the trial court assessed Appellant's punishment at ten years imprisonment. (R.R. V, pp. 116-129)

**APPELLANT'S BRIEF – Page 19**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

## SUMMARY OF THE ARGUMENTS

In his first point of error, Appellant argues that the trial court erred in its decision to deny Appellant's motion to dismiss for violation of his Sixth amendment right to a speedy trial. Appellant argues the delay in his case was sufficient to trigger a speedy trial inquiry and that when factors under a Barker analysis were looked at they would weigh in his favor. *Barker v. Wingo,* 407 U.S. 514, 530 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). Appellant's delay was sufficient to trigger the analysis, the reason for the delay was not due to Appellant's acquiescence but rather the State's inaction, Appellant asserted his right to a trial soon after becoming aware of that right and Appellant was prejudiced by the delay.

In his second point of error, Appellant argues that the court abused its discretion when it allowed an extraneous offense committed by Appellant to be admitted into evidence. Appellant supports his contention by arguing that the extraneous offense of forgery allowed into evidence did not meet any of the exceptions to Tex.R.Ev. 404(b).

In his third point of error, Appellant argues that the court erred when it did not conduct a Rule 403 balancing test when deciding whether or not to admit the extraneous offense of forgery. Tex.R.Ev. 403 Appellant argues that the court was required to do the balancing test and that if it had, it would have found that all four

**APPELLANT'S BRIEF – Page 20**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

factors of the test weighed in favor of Appellant. As such, the extraneous offense of forgery would not have been admissible.

In his fourth point of error, Appellant argues that the evidence produced at trial was insufficient to show he possessed 10 or more items of identifying information. Appellant bases this argument on testimony provided by witnesses and the lack of evidence tying testimony to any documents admitted as evidence. The record reflects that a total of four items of identifying information were actually identified and offered into evidence, not the ten or more as alleged in the indictment.

## POINT OF ERROR NUMBER ONE

**THE TRIAL COURT ERRED IN ITS DECISION TO DENY APPELLANT'S MOTION TO DISMISS FOR VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL.**

Appellant adopts by reference the Statement of Facts set out earlier in this brief. At the beginning of trial a hearing was held outside the presence of the jury on Defendant's Motion to Dismiss For Violation of Sixth Amendment Right to Speedy Trial. Defense counsel argued that Appellant had been in custody for more than 19 months thereby triggering a full analysis of the right to a speedy trial. Defense counsel explained that even taking into consideration the delay resulting from agreed resets the total amount of time was somewhere between 16 and 18

**APPELLANT'S BRIEF – Page 21**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

months of delay which would still trigger the presumption of denial of speedy trial thereby placing the burden on the State to justify the delay as far as acquiescence. (R.R. III, pp. 24-27)

The State argued that the length of time should be measured from the date of indictment not the date of arrest and as such the delay was less than a year. The State also argued that they were entitled to a meaningful hearing and as such, Defendant still had to put on testimony about prejudice, after which the State would then have to rebut the presumption. The State went on to say that defense counsel's motion asking for a dismissal as opposed to a trial weighed against the defense. The only reason the State gave for the delay was that Defendant had picked up cases in other counties and had been in custody on those as well. No additional testimony was given. The court then denied the motion. (R.R. III, pp. 26-27)

"The Sixth Amendment to the United State Constitution guarantees an accused the right to a speedy trial." *Cantu v. State,* 253 S.W.3d 273, 280 (Tex.Crim.App. 2008) (citing *Zamorano v. State,* 84 S.W.3d 643, 647 (Tex.Crim.App. 2002) (en banc)). When addressing a speedy trial claim the Supreme Court requires state courts to weigh and balance four factors: 1) length of delay, 2) reason for delay, 3) assertion of the right, and 4) prejudice to the

**APPELLANT'S BRIEF – Page 22**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

accused." *Barker v. Wingo,* 407 U.S. 514, 530 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)

## A. Length of Delay

Texas courts generally hold that any delay of eight months or longer is presumptively unreasonable and triggers speedy trial analysis. *Harris v. State,* 827 S.W.2d, 949, 956 (Tex.Cr.App. 1992). The length of delay is measured from the time the defendant is arrested or formally accused. *Harris v. State,* 827 S.W.2d at 956. Appellant was arrested on November 25, 2012. Appellant was appointed counsel in March of 2014 and went to trial the following August. Therefore, approximately 19 months elapsed between Appellant's arrest and trial. Even taking into account the period of time attributable to agreed court resets the delay was over 16 months, a sufficient amount to trigger a speedy trial analysis. The length of delay weighs against the State and in favor of Appellant.

## B. Reason for the Delay

The burden for justifying the delay falls on the State. *Cantu v. State,* 253 S.W.3d 273, 280 (Tex.Crim.App. 2008). While intentional or deliberate prosecutorial delay will weigh heavily against the State, neutral reasons, such as negligence or overcrowded courts, will be less heavily weighed. *Zamorano,* 84 S.W.3d at 649 (citing *Barker,* 407 U.S. at 531, 92 S.Ct. 2182). When the State

**APPELLANT'S BRIEF – Page 23**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

fails to establish a reason for the delay, we may presume neither a deliberate attempt to prejudice the defense nor that the reason is valid. *Dragoo v. State,* 96 S.W.3d 308, 314 (Tex.Crim.App. 2003).

According to defense counsel's argument Appellant was arrested in November of 2012, granted a PR bond, released to the custody of another county and bonded out again. All bonds were then revoked in December, less than a month after his initial arrest. Appellant remained in custody the entire time thereafter and was not appointed counsel in this case until March of 2014. Appellant appeared in court with his newly appointed attorney in April of 2014. At that time Appellant rejected a plea offer made by the State and asked for a trial. There was an agreed reset to May 22, 2014 and another to June 26, 2014. A Motion to Dismiss was then filed and Appellant announced for trial.

The State's reason for the delay consisted of one statement: "If it's not apparent enough from the stipulations, defendant had picked up offenses before this particular case, had a hold on him out of Wilson, or Travis County, whatever it was, and has been in jail on those cases, as well." The State's only explanation for the delay was that Appellant was being held in other counties. No other testimony about the reason for delay was given. There is nothing in the record to suggest Appellant was unavailable for trial. There is nothing in the record to show how far

**APPELLANT'S BRIEF – Page 24**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

away Appellant was being held or how difficult it would have been to secure Appellant's presence. There was no proof admitted as to when the out-of-county cases were resolved and the possibility of Appellant to be bench warranted or made available. This factor should weigh against the State and in favor of Appellant as well.

## C. Assertion of the Right

A defendant is responsible for asserting or demanding his right to a speedy trial. *State v. Munoz,* 991 S.W.2d 818, 825 (Tex.Crim.App. 1999). Although Appellant was arrested in November of 2012 and remained in custody from December of 2012 on, he was not appointed counsel until March of 2014. Because Appellant lacked the assistance of counsel during much of that time he was unaware of his rights and unable to assert them. Appellant's first opportunity to assert his right to a speedy trial was at the first court setting with his newly appointed attorney in April of 2014. The record reflects that on April 22, 2014 Appellant refused a plea offer and asked for a trial. This was Appellant's first setting with counsel. On June 26, 2014 he filed a motion to dismiss for violation of his Sixth amendment right to a speedy trial.

The State argued that Appellant's claim was weakened because he sought a dismissal rather than a trial, however this is not necessarily the case. "In some

**APPELLANT'S BRIEF – Page 25**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

cases, defense counsel may legitimately feel that a long delay has caused a client so much prejudice that dismissal is warranted, even if the State is belatedly ready to move promptly. Each case must turn on its own facts, and the particular relief a defendant seeks is but one fact to consider". *Phillips v. State,* 650 S.W.2d 396, 401 (Tex.Crim.App. 1983). The fact that Appellant's defense was compromised by the delay is apparent when reading the record. Detective Torres testified that because the incident occurred a while back he was unable to remember many details. He couldn't recall how close Mr. Griffin and Appellant were to each other. He couldn't remember the length of the driveway, whether the garage door was open or closed and if there was a vehicle in the garage. Deputy Booth also testified he could not remember some details. He could not recall whom Appellant was yelling at or who he might have claimed took his car. He couldn't recall if there was any indication of a fight or evidence that someone had been hit or threatened. This factor should weigh against the State and in favor of Appellant.

## D. Prejudice to the Accused

As previously stated, Texas courts have generally held that a delay of eight months or more is "presumptively prejudicial" and will trigger a speedy trial analysis. *Zamorano v. State,* 84 S.W.3d 643, 647 (Tex.Crim.App. 2002). Proof of actual prejudice is not required in situations where the delay is excessive, because

**APPELLANT'S BRIEF – Page 26**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

such a delay "presumptively compromises the reliability of a trial in ways that neither party can prove or even identify." *Shaw v. State,* 117 S.W.3d 883, 890 (Tex.Crim.App. 2003) citing *Doggett v. United States,* 505 U.S. 647, 658 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). A defendant who has made a prima facie showing of prejudice will be entitled to relief unless the presumption of prejudice is (1) persuasively rebutted by the State or (2) extenuated by the defendant's acquiescence in the delay. *Gonzales v. State,* 2013 Tex.App. LEXIS 10462, 16 (Tex.-App.—San Antonio 2013 aff'd 435 S.W.3d Tex.Crim.App. 2014) (citing *Doggett*, 505 U.S. at 658).

The delay in this case was not extenuated by Appellant's acquiescence. During the majority of the time he was in custody Appellant did not know to assert his right to a speedy trial because he did not have legal representation to advise him of such. Once he was appointed counsel he requested a trial at the first court setting and filed a speedy trial motion to dismiss a couple of months thereafter. Because Appellant did not acquiesce, therefore it is the State's burden to rebut the presumption of prejudice.

The State argued that Appellant was not relieved of the burden to show prejudice. The State argued that they were entitled to a "meaningful hearing" and as such, Appellant still needed to put on testimony about prejudice. Once

**APPELLANT'S BRIEF – Page 27**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

presented, the State would then be required to rebut the presumption. This is not the law. Appellant does not need to show harm to prevail on a speedy trial claim. "Nevertheless, the State implies it bore no burden to rebut because appellee made no allegation of harm in his motion nor put on evidence of actual harm at the hearing. We disagree." *State v. Wei,* 447 S.W.3d 549 (Tex.App. – Houston [14th Dist.] 2014). Absent a showing that appellee acquiesced in the delay, it was the State's burden to rebut the presumption of prejudice because appellee was "absolved from the requirement to demonstrate prejudice." *State v. Wei,* 447 S.W.3d 549 (Tex.App. – Houston [14th Dist.] 2014 pet. ref'd) citing *Gonzales v. State* 435 S.W.3d 801, 812, 815 (Tex.Crim.App. 2014). The record shows that the State made no effort to rebut the presumption of prejudice. This factor weighs against the State and in favor of Appellant.

**Balancing the Barker Factors**

All four factors weigh in Appellant's favor. The 16 to 18 month delay is presumptively prejudicial going well beyond the 12 month triggering point recognized by Texas courts. The record is almost silent to the reason for the delay other than Appellant's incarceration in other counties during the time. Appellant asserted his right to a speedy trial shortly after being appointed counsel and becoming aware of the right. And finally, the State failed to rebut the presumption

**APPELLANT'S BRIEF – Page 28**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

that Appellant's defense had been prejudiced by the delay. This point of error should be sustained.

## POINT OF ERROR NUMBER TWO

**THE TRIAL COURT ABUSED ITS DISCRETION IN ADMITTING INTO EVIDENCE AN EXTRANEOUS OFFENSE OF FORGERY.**

During the trial several issues were addressed outside the presence of the jury. Among them was the State's desire to have extraneous offenses admitted into evidence. The State argued that Appellant's entire defense was that he had no knowledge of what was in State's Exhibit No. 1, or absence of mistake. The State went on to say Appellant's claim that he did not know what was in the bag could be disproven by the extraneous offenses he committed. Specifically, the State felt that a burglary previously committed by Appellant would somehow show that he knew what was in State's Exhibit 1, that he knew what he was doing and that there wasn't an absence of mistake. Defense counsel's response was that he had said nothing during the trial to open the door to admission of the extraneous offenses. Defense counsel had not asked for a mistake of fact or mistake of law instruction in the Charge. He maintained that he had not violated any rule that would trigger a Rule 404(b) exception and allow for the extraneous offense to be admitted into evidence. (R.R. V, pp. 9- 10)

**APPELLANT'S BRIEF – Page 29**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

The Court sustained Appellant's objection related to two prior convictions for burglary and one unauthorized use of a motor vehicle conviction. Counsel's objection to a forgery conviction was sustained in part and overruled in part. The court ruled that the conviction would be admitted but it would come in with a limiting instruction. The jury could consider some, part or all of the evidence, and the evidence was not to be considered as character evidence under any circumstances. It could only be considered on the issue of intent. (R.R. V, pp. 51-54).

A defendant is to be tried only for the offense charged, not for any other crimes or for being a criminal generally. *Cran*k *v. State,* 761 S.W.2d 328, 341 (Tex.Crim.App. 1988). Extraneous offense evidence carries with it the inherent risk that a defendant may be convicted because of his propensity for committing crimes generally – i.e. his bad character, rather than for the commission of the charged offense, courts have historically been reluctant to allow evidence of an individual's prior bad acts or extraneous offenses. *Tempin v. State,* 711 S.W.2d 30 (Tex.Crim.App. 1986); *Albrecht v. State,* 486 S.W.2d 97 (Tex.Crim.App. 1972). For this reason, evidence of extraneous crimes, wrongs, or acts is not admissible at the guilt-innocence phase to prove the character of a person in order to show action in conformity therewith but is admissible to prove other matters, such as motive,

**APPELLANT'S BRIEF – Page 30**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident if the accused is given reasonable notice of the State's intent to introduce the evidence. Tex.R.Ev. 404(b).

Rebuttal of a defensive theory is also one of the permissible purposes for which relevant evidence may be admitted under Rule 404(b). But to be probative, the extraneous offense evidence admitted to rebut a defensive theory must be similar to the charged offense. As stated above, the State's theory for admissibility of the extraneous offense evidence was that the extraneous offenses would show that Appellant did know what was in State's Exhibit No. 1. No explanation of how this connection would be made was given by the State.

Although the State's argument for admitting the extraneous offense into evidence was rebuttal of a defense, the Court ruled the extraneous offense was admissible to show intent. Extraneous offense evidence may become admissible to help prove intent only if the intent required for a conviction is a contested issue in the case. *Dunklin v. State,* 194 S.W.3d 14, 26 (Tex.App.-Tyler 2006, no pet.). Intent can be characterized as a contested issue for purposes of justifying the admission of extraneous offense evidence if the required intent for the primary offense cannot be inferred from the act itself or if the accused presents evidence to rebut the inference that the required intent existed. *Johnson v. State,* 932 S.W.2d

**APPELLANT'S BRIEF – Page 31**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

296, 302 (Tex.App.-Austin 1996, pet. ref'd.) citing *Caro v. State,* 771 S.W.2d 610, 671 (Tex.App. – Dallas 1989, no pet.). "Intent is most clearly an issue when the defendant argues the charged offense was unintentional or the result of an accident." *Johnson v. State,* citing *Keller v. State,* 818 S.W.2d 425, 428-29 (Tex.App. – Houston [1st Dist] 1991, pet ref'd). "Once the defendant claims accident, mistake, lack of intent, etc., intent can no longer be inferred from other uncontested direct evidence, and the State is allowed to prove intent through evidence of other crimes, wrongs, or acts." *Johnson v. State,* citing *Montgomery v. State,* 810 S.W.2d at 375 (Tex.Crim.App. 1991) (op. on reh'g).

During the trial Appellant did not claim his conduct was unintentional or the result of an accident or mistake. Appellant's defensive theory was that the bag containing the identifying information was not his and that he did not possess it. As such, the extraneous act was not admissible to show Appellant's intent. Compare and contrast *Hernandez v. State* 2010 Tex.App.LEXIS 851 (Tex.App.-Austin 2010, no pet.) (where an extraneous act was held to be admissible to show intent when Hernandez claimed his touching of the complainant was accidental.) When a defendant's defensive theory is that the conduct did not occur, an extraneous act is not admissible to show the defendant's intent. Here the court

**APPELLANT'S BRIEF** – **Page 32**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

erred in admitting the extraneous offense under Rule 404(b). This point of error must be sustained.

## POINT OF ERROR NUMBER THREE

**THE TRIAL COURT ERRED BY FAILING TO CONDUCT A RULE 403 BALANCING TEST WHEN CONSIDERING THE ADMISSIBILITY OF AN EXTRANEOUS OFFENSE OF FORGERY.**

If the trial court overrrules a defendant's Rule 404(b) objection the trial court must then examine the evidence in light of Tex.R.Ev. 403. Even when evidence of prior criminal conduct is admissible under Rule 404(b) the evidence may still be excluded under Rule 403 if the evidence's "probative value is substantially outweighed by the danger of unfair prejudice, confusion or the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex.R.Ev. 403. If a Rule 403 objection is made, the trial court must conduct a balancing test. *Montgomery v. State,* 810 S.W.2d 372, 389-90 (Tex.Crim.App. 1991) (op. on reh'g). Here, the record reflects that the trial court did not conduct a Rule 403 balancing test. If it had, then relevant criteria regarding probative value versus the danger of unfair prejudice would have been examined.

The relevant criteria of such a balancing test includes the inherent probative value of the evidence; the proponent's need for the evidence; the tendency of the

**APPELLANT'S BRIEF – Page 33**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

evidence to induce a decision on an improper basis; the tendency of the evidence to confuse the jury or distract it from the main issues; the "tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence"; and whether the "presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted." *Hernandez v. State,* supra at 26, citing *Gigliobianco v. State,* 210 S.W.3d 637, 641-42 (Tex.Crim.App. 2006); see *Erazo v. State,* 144 S.W.3d 487, 489 (Tex.Crim.App. 2004). After reviewing the relevant criteria objectively, an appellate court should conclude that the trial court abused its discretion if the record reveals that one or more of the criteria demonstrates "a risk that the probative value of the tendered evidence is substantially outweighed by unfair prejudice." *Hernandez v. State,* supra at 27, citing *Montgomery v. State,* 810 S.W.2d at 393.

"When determining the probative value of past criminal behavior, particularly when the intent of the defendant is an issue, courts should consider the similarity of the prior offense to the current offense charged and the amount of time that has passed since the prior offense was committed". *Hernandez v. State* citing *Kiser v. State*, 893 S.W.2d 277, 281 (Tex.App.-Houston [1st Dist] 1995, pet. ref'd); *Morrow v. State,* 735 S.W.2d 907, 909-12 (Tex.App.-Houston [14th Dist.]

**APPELLANT'S BRIEF – Page 34**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

1987, pet. ref'd). Because the trial court did not conduct a 403 balancing test there is no information on the record regarding details of Appellant's past conviction for forgery. Whether the crime involved similar facts such as the use of identifying information or whether it involved only the forgery of a signature on a document is unknown. What is known is that the conviction occurred around twelve years earlier. State's Exhibit No 13, the judgment entered into evidence on the forgery conviction shows the date of the offense to be May 6, 2002. Appellant was placed on community supervision and subsequently revoked. The date judgment was entered and sentenced imposed was December 5, 2007. (R.R. VI, pp. 39-41) Courts have found that evidence was not too remote when the amount of time that has passed is four to six months *Robinson v. State,* 701 S.W.2d 895, 898 (Tex.Crim.App. 1985) or seven days *Morrow v. State* 735 S.W.2d 907, 911 Tex.App. – Houston [14th Dist] 1987, pet. ref'd)). In this case the amount of time that had passed since the previous crime occurred was approximately 12 years.

The State's need for the evidence was low. When determining this need, courts should consider whether the proponent had other evidence to establish the fact of consequence, how strong the other evidence was, and whether the "fact of consequence related to an issue that is in dispute". *Erazo v. State,* 144 S.W.3d 495, 496 (Tex.Crim.App. 2004). Appellant admitted a bag containing the identifying

**APPELLANT'S BRIEF – Page 35**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

information of several persons was his thereby establishing intent. "[T]he actor is presumed to have the intent to harm or defraud another if the actor possesses the identifying information of three or more other persons." Tex.Pen.Code § 32.51 (b)(1).

If there is a reasonable possibility that the inadmissible evidence might have contributed to either the conviction or the punishment assessed, then the error was not harmless. *Maynard v. State,* 685 S.W.2d 60, 67 (Tex.Crim.App. 1985). In this case the sufficiency of evidence was at issue and the prior conviction may have provided the additional evidence necessary to convict Appellant. During punishment the trial court judge referred to Appellant's prior offenses. "Certainly, the prior convictions are a factor that weigh against the defendant." (R.R. VI, p. 128) Additionally, during closing argument the State reminded the jury of Appellant's prior conviction for forgery and told them that the judgment could be used to assess Defendant's credibility.[1] (R.R. V, pp. 114-115) It is not unreasonable to think that learning of Appellant's previous conviction for forgery contributed to his conviction and/or to the amount of punishment he received.

A Rule 403 balancing test in this case would have shown that one or more of the relevant criteria demonstrate a risk that the admitted extraneous offense

---

[1] This was despite the fact that the court had instructed the jury only to consider the extraneous offense on the issue of intent.

**APPELLANT'S BRIEF – Page 36**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

evidence is outweighed by unfair prejudice. As such, Appellant's third point of error should be sustained.

## POINT OF ERROR NUMBER FOUR

**THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR FRAUDULENT USE OR POSSESSION OF IDENTIFYING INFORMATION 10 OR MORE ITEMS BUT LESS THAN 50 ITEMS.**

Appellant was convicted of fraudulent use or possession of identifying information 10 or more items but less than 50 items. A person commits the offense of fraudulent use or possession of identifying information "if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of identifying information of another person without the other person's consent. Tex.Pen.Code. § 32.51(b)(1). "Identifying information" means information that alone or in conjunction with other information identifies a person, including a person's: (A) name and date of birth; (B) unique biometric data, including the person's fingerprint, voice print, or retina or iris image; (C) unique electronic identification number, address, routing code, or financial institution account number; (D) telecommunication identifying information or access device; and (E) social security number or other government issued identification number." Tex.Pen.Code § 32.51 (a).

**APPELLANT'S BRIEF – Page 37**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

While the legislature did not define "item of identifying information," Texas courts have determined that an "item" of identifying information is each bit of identifying information in a document, as opposed to the document on which the information appears. *Cortez v. State,* 428 S.W.3d 338, 342 (Tex.App. – Amarillo 2014). If an accused possessed a driver's license for example, he would be in possession of 3 items of identifying information as listed in Tex.Pen.Code § 32.51(a). Those 3 items would be the person's name and date of birth (listed together as one item in the statute), address, and driver's license number.

During trial the State produced four witnesses to testify about personal identifying information that the Appellant may have possessed. The record reflects that although these witnesses were questioned about several items such as name and date of birth, address, driver's license number and social security number, only four items of identifying information were actually entered as evidence by the State or identified as an item already in evidence.

Mr. White testified that a wallet previously admitted as State's Exhibit 5 was not his but that the driver's license and employee card inside the wallet were. He also testified that some checks found inside the wallet were not his but that it was his name and address on the checks. (R.R. IV, pp. 118-121) As discussed above, when calculating the number of identifying information items we look to the

**APPELLANT'S BRIEF – Page 38**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

individual items themselves, not the documents they are on. Therefore, Mr. White's driver's license number and address would count as one item each. His name and date of birth combined would also count as one item for a total of three items. There was no indication that the employee card had anything more than Mr. White's signature, which is not an item of identifying information as listed in Tex.Pen.Code § 32.51 (a).

Mr. Snodgrass testified that an item marked as part of State's Exhibit 3 contained his social security number. The record does not reflect what that item was. No other exhibit or item of evidence was referred to during his testimony. Mr. Snodgrass was questioned about his name, address, driver's license number and date of birth but no documents that were found in State's Exhibit No. 1 were offered into evidence, admitted into evidence, or referred to during his testimony. The State failed to connect any other document found in State's Exhibit No. 1 to Mr. Snodgrass. As such, the total identifying items in evidence for Mr. Snodgrass was one.

Like Mr. Snodgrass, Janet Brown was questioned about several items of personal identifying information. And like Mr. Snodgrass, the only document that seemed to be referred to by the State was one that had her social security number on it. Unlike Mr. Snodgrass, nothing Ms. Brown testified about was identified as

**APPELLANT'S BRIEF – Page 39**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

evidence with an exhibit number. The record is silent as to what the document referred to by the State may have been or where it came from. As such, testimony provided by Mr. Snodgrass and Ms. Brown does not add a single item of identifying information into evidence.

Finally, Mr. Sonny Rathmore took the stand for the State with similar results. He was asked what his date of birth was. He was also asked what his address was, his phone number, and his social security number. As with Ms. Brown the questions asked seem to indicate the State is referring to a document[2] but once again, it is unclear from the record what exhibit the State and the witness were referring to. It is impossible to know because as there is nothing on the record to show this. No explanation, identification or authentication is given. There was no exhibit or document identified on the record by the witness. Nothing connects these witnesses' testimony to anything that was found in State's Exhibit No. 1, the black bag. Again, this testimony does not add any item of identifying information into evidence.

---

[2]As with the previous witnesses, the State seems to refer to some document when asking about the person's social security number. "And is this your Social Security number right there, (indicating)? The question is only framed like this when asking about the Social Security number, not the other items of information, and an explanation beyond the question itself is not given. The State could have avoided this issue by identifying, numbering and offering the items as exhibits into evidence.

**APPELLANT'S BRIEF – Page 40**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

The trial court seemed aware of the need to have every document necessary to prove an item of identifying information specifically identified by a witness on the record. "Make sure you get every piece of property that is in the black bag so we'll have a proper record. I mean, it's your discretion to do that." (R.R. IV, p. 37) The State did not heed the trial court's warning and in fact, seemed to make a point of ignoring it when they advised a witness "without reading this into - - onto the record, can you tell me, is that your Social Security number right there, (indicating)?" (R.R. IV, p.129)

The offense of fraudulent use or possession of identifying information is (1) a state jail felony if the number of items obtained, possessed, transferred, or used is less than five; (2) a felony of the third degree if the number of items obtained, possessed, transferred, or used is five or more but less than 10; (3) a felony of the second degree if the number of items obtained, possessed, transferred, or used is 10 or more but less than 50; (4) a felony of the first degree if the number of items obtained, possessed, transferred, or used is 50 or more. Tex.Pen.Code § 32.51 (c). Here, the State had witnesses testify to only four items that were identifiable on the record. Therefore, State's evidence is deficient to prove the indictment as charged. Appellant could only have been convicted of possession or use of less than five items of identifying information, a State jail felony. Accordingly, Appellant asks

**APPELLANT'S BRIEF – Page 41**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

the court to acquit him of the offense charge in the indictment.[3] This point of error should be sustained.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Appellant respectfully prays that this Honorable Court sustain his points of error, reverse the trial court and remand the case for a new trial.

Respectfully submitted,

/s/ Dal Ruggles
Dal Ruggles
Attorney at Law
1103 Nueces St.
Austin, Texas 78701
Telephone: (512) 477-7991
Facsimile: (512) 477-3580
SBN: 24041834

**ATTORNEY FOR APPELLANT**
**DANIEL RAYMOND VADNAIS**

---

[3] Appellant acknowledges that if a court finds the evidence insufficient to sustain a conviction the appellate court may reform the judgment to find the defendant guilty of a lessor included offense. If the court deems this the correct remedy, Appellant asserts that this case must be remanded back to the trial court for a new punishment hearing.

**APPELLANT'S BRIEF – Page 42**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Appellant's Brief on Original Appeal was e-served to Ms. Kathleen Magee Arnold of the Hays County District Attorney's Office on this the 1st day of May, 2015.

/s/ Dal Ruggles
Dal Ruggles

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief contains 8,644 words, as calculated by the word count function on my computer.

/s/ Dal Ruggles
Dal Ruggles

**APPELLANT'S BRIEF – Page 43**
*Daniel Raymond Vadnais v. State of Texas*
Appeal No. 03-14-00578-CR *in the Court of Appeals for the 3rd District of Texas*
Trial Court Cause No. CR-13-0651 *in the 22nd District Court of Hays County, Texas*